22-378 Shen v. United States 2-313-515-0. Mr. Bacarach. Good morning, your honors. My name is Michael Bacarach. I represent the appellant, Zining Shen. Mr. Shen in this case was convicted of theft or bribery concerning programs receiving federal funds under 18 U.S.C. section 666 A1. Two issues were raised below through a quorum nobis petition that are now subject to this appeal. The first is whether or not the district court awarded restitution to the correct victim, and we submit that the court got that wrong by- Is that a function of his ineffective assistance to the counsel claim or just a law issue that you're raising? It's co-mingled, your honor. How is that? Well, it's a- You said that the ineffective assistance of counsel is a function of the FATICO hearing. The FATICO hearing would have gone to a mount, wouldn't it? The FATICO hearing would have gone to a mount. That's correct, your honor. Which is the second- Isn't the identity of the victim a simple factor of the statute and or a function of the money? There were two separate issues here. The first issue is whether or not, from a legal perspective, the judge chose the correct victim or was allowed to choose the correct victim, and the second question is whether or not counsel was ineffective in failing to insist upon raising the FATICO. How is the ineffective tied into the identification of the victim? Where in the record can I find something that's asserted that the counsel misunderstood the USDA's eligibility for being a victim? Isn't it a straight-up law issue? That is a straight-up law issue, yes. Yeah, and on that issue, the USDA can be a victim. The USDA can be a victim under the circumstances of the case. Shen's argument is that the money should go back to the company that he used to defraud the government. No, no. Excuse me. That the money should go back to the company that he controlled that allegedly misspent the money. Not exactly, Your Honor. Shen's argument is that the restitution should not have been awarded to the USDA because Red Apple was the appropriate victim. However... Well, because... No, wait. Because Red Apple spent the money correctly? No, no. He stole the money from Red Apple. No, because Red Apple didn't. Red Apple somehow filtered the money to Mr. Shen, correct? No. Mr. Shen stole the money from Red Apple and, yes, used it in an appropriate way. Well, stole. Does not Mr. Shen control Red Apple? Which is the... Yes, and that's the reason... Does he still control Red Apple? Mr. Shen does. Then what is it that was ineffective with regard to counsel? Your Honor. Counsel, excuse me. Counsel should have made an argument that an entity that Shen controlled and Shen directed to take money from one to the other, the money should go back to the company that Shen controls and continues to control? Not exactly, Your Honor. It's not what I'm arguing. What I'm arguing is that the rest of the... You have a hard time appreciating it. I would too, Your Honor, if that was my argument, but that's not my argument, Your Honor. I understand that's not your argument, but I don't know that your argument reaches the issue that I just raised with you. I think, Your Honor, if Shen was saying the money has to go back to Red Apple, not to Shen, but to Red Apple, you're right. Because I think the district court would have been correct to disqualify Red Apple from receiving restitution. By Shen taking money from Red Apple, were federal funds used in a manner in which they were not supposed to be used? By Shen taking money from Red Apple, yes, Your Honor. And those were federal funds, were they not? They were, according to the information to which he pled guilty, they were federal funds that were the property of Red Apple. And that's the key distinction here, under this statute. Oh, so it's Red Apple's money, Your Honor, not the federal government's, not the taxpayers of the United States? Actually, yes, Your Honor. The way the government charged it, yes. If you look at the information. Your best case for that is what? The information itself, Your Honor. No, your best case for that is what? My best case, there is no case directly on point one way or the other, Your Honor. In either direction, Your Honor. All right. The one case that discusses this, which Your Honor correctly alluded to, I'm blanking on the name of the case right now, which is that the USDA can be a victim. That's the only case. But that doesn't mean it is the victim in every single circumstance. Under the way the government charged it. Well, the United States has an interest when money is appropriated for a particular purpose and not then spent with regard to that purpose, does it not? They have an indirect interest, of course, Your Honor. The question is whether. Well, what would be the interest if the money would be returned to the United States since they weren't spent in the manner in which they were appropriated? And through forfeiture, the defendant paid back $3 million that were through his ill-gotten gains. The question is whether or not restitution on top of that was awarded to the correct victim. I'm not arguing that restitution should have been awarded to Red Apple, because I acknowledge they would have been disqualified because of Mr. Shen's ownership. What I'm stating is that because Red Apple was the only victim listed in the information, and they were also disqualified in receiving it, doesn't mean that the court can then substitute in another victim. The court is- That's not a law issue to me. I mean, well, I don't understand that. Let's go back to the Ineffective Assistance Council. What would the hearing have developed? Although those facts are all easily discerned from the record as established. Again, that's point two, Your Honor. Point two was the Ineffective Assistance Council claim, and that related to the apportionment between the victims. Okay. So it's two separate issues. Yes, there is a legal issue. That's point one. There is an IAC issue. That's point two. And they are slightly different. My point is that I can understand the IAC being a collateral attack with regard to the restitution issue in terms of amount. But what I don't understand is that somehow the definition of who the victim is, is a legal issue that required collateral attack, like development of a record or additional facts that weren't necessarily apparent in the record, and therefore may have a problem with regard to the appeal. Well, I guess the argument there would have to be that the defense counsel was ineffective in failing to recognize that the incorrect entity was being awarded restitution. That is the entity that's not the named victim on the information. On another topic. Yes, Your Honor. Could you tell me what you're relying on to bring a quorum notice action when Mr. Shen is not in custody? Well, Your Honor, it's because Mr. Shen is not in custody that we are able to bring a quorum notice. Otherwise, we would have to bring, if anything, the collateral attack would have to go under 22 U.S.C. 25. 28 U.S.C. 25. Have we ever said as a court that quorum notice will lie in this kind of a situation? In Kamineski, Your Honor, in a concurring opinion by Judge Calabresi, the court stated that yes, it was possible. He said it was dicta when he wrote it. Absolutely, Your Honor. Dicta that was since followed in multiple cases in the Eastern District of New York. And notably- So you're asking us to convert what Judge Calabresi announced was dicta into precedent of the Second Circuit. Isn't that so? I am because the government waived any objection to doing so in district court. The government specifically stated that the defense was correct. To direct quote, unquote, correct, that we could raise this issue in a quorum notice in district court. There was no objection to it at all, so that argument is waived, Your Honor. So that would be why. But we would be breaking new ground when we're to agree that quorum notice could be brought in a case such as this. Your Honor would be extending a concurrence into a holding, absolutely, Your Honor. But there is no case from this circuit that's ever said that we could not raise it in this proceedings either. But there are cases around the country that have said that if he's not in custody, quorum notice will not lie. No, no, no, Your Honor. Quorum notice lies if he's not in custody. What those cases from other circuits have said is that restitution can't be raised through a quorum notice petition. And that's where in Kamineski, Judge Calabresi said, well, actually, it could, although he didn't obviously say it in dicta. In Karnesi, the courts in the Eastern District of New York followed that opinion. And that is why here, Judge Irizarry, then the Chief Judge of the Eastern District of New York, also followed that opinion. Again, with no objection from the government, the exact opposite of the government conceding that we were correct, that it could be applied based upon, at the very least, Eastern District of New York case law, which followed that dicta. Thank you. Thank you, Your Honor, I see I'm over time. So you've reserved three minutes for a moment. We'll hear from the government. Good morning, Your Honors. My name is Eric Paulson. I represent the United States government today. May it please the court. A quorum notice is an unusual and extraordinary remedy. It's available only to redress errors of the most fundamental character, which have rendered a legal proceeding irregular and invalid. And there's nothing in this case worthy of this extraordinary remedy. But your opposing counsel just told us that you agreed that this was the right way to raise the restitution issue. Yes, Your Honor, I believe he's referring to something I said in a footnote many years ago in the underlying case here. The question that he posed was, he said, did the plea agreement expressly forbid him from raising a collateral attack of this sort? And what I said is, I agreed it didn't precisely say that. But what I said is, it was of, quote, no import. And the reason is, is that when the government creates our plea agreements, we will often require the defendant to give up a claim that he is able to make. It does not precisely say you cannot bring this quorum notice, because you cannot bring this quorum notice. We don't ask defendants to waive a claim that is impossible to bring. In this particular case, the state of the law is correct, what Your Honor mentioned a moment ago. Some district courts have acted as if a quorum notice is available for a collateral challenge to forfeiture a restitution when the defendant is not in custody. Second Circuit has never said so. They said it in dicta. Judge Calabrese said it in dicta, didn't he? He did, yes, Your Honor. But in this particular case, where there is an appellate waiver, where the defendant has agreed not to raise an appeal, this has, in my account, three different reasons why the defendant cannot bring a quorum notice in the first place such that we would need to tell him he couldn't. The first is that, A, there's an appellate waiver. It says he cannot appeal the sentence. Can I stop you right there? The appellate waiver is a little bit ambiguous. I mean, I understand typically the sentence includes restitution forfeiture as well as the term. Yes, Your Honor. But here, the language also then goes on to specify in separate sentences restitution forfeiture, which suggests that that was not intended to be included in the first sort of more general term criminal sentence. Yes, Your Honor. My reading of that, Your Honor, is the state of the law right now, as I understand it, is you cannot use a 2255 to challenge restitution and forfeiture. You can't use 2255 if you're not in custody, that's the point. That's right, Your Honor. But it also can't be used for restitution and forfeiture. So it didn't say you can't collaterally attack the restitution or forfeiture, because you can't do that anyway. The Second Circuit has generally adapted 2255 law for all quorum nobis issues. But the other reason I said it was of no import is that baked into the quorum nobis standard is the sound reason standard. It essentially says that you cannot take something that would otherwise be an appeal and just call it a quorum nobis. You have to have sound reasons for having not brought the claim. This circuit has always been quite clear that if you give up your ability to appeal, you can't then turn around and say, I deserve a 2255 because I was barred from bringing this claim as an appeal. This is close to black letter law in this circuit. And so when I said it was of no import that the plea agreement didn't bar him from bringing a quorum nobis, it's because in my reading there were three distinct reasons why he could never get to the point of bringing this claim. I agree with almost everything that Judge Wesley said about the actual merits. But there's no reason this court needs to go anywhere near the merits of this case. A quorum nobis is an extraordinary, unusual remedy that should never be analyzed for a case like this where the defendant has given it up. If he has an ineffective assistance of counsel claim that somehow reaches restitution or forfeiture, he never could have raised, that is not apparent in the record, and therefore would require additional factual development. That's a prime candidate for a collateral attack, isn't it? Yes, Your Honor. And so the ambiguity that Judge Park referred to, where restitution and forfeiture are not subject to direct appeal, but there's nothing said about collateral attack, whereas sentence and conviction, it's quite clear, says appeal or collaterally. That's right, Your Honor. Becomes a little bit ambiguous in that context. Wouldn't it make sense then that he's not barred by that plea agreement for something that he can attack with regard to restitution or ability to raise it on direct appeal because there's a factual development that was necessary? Yes, Your Honor. That's why I asked about the identity of the victim. Because the identity of the victim, to me, I mean, my question reflects my initial inclination. Is it a law issue, and the record was all well established, could have been very well raised on direct appeal and so therefore I don't understand how it's a candidate for collateral attack. Yes, Your Honor, I agree with the way you've phrased that as well. This office has always treated ineffective claims differently when there's an appellate waiver, because there are certain claims you could not have brought at the district court. In this particular case, Your Honor, it's not just that it could have been raised. There are 20 page sentencing letters in which the parties fought out these precise issues. The issue of whether the money should go back to the government or should go back to the company that stole from the government was an issue that was litigated by the parties during sentencing. The district court was well aware of this. This is a matter of law that the defendant gave up in his appeal. There's nothing in the record that suggests that the defendant's lawyer didn't raise or didn't fight these out and didn't present these adequately to the court. And I don't see personally, in my review of the record, how a FATACO would have changed that whatsoever. Well, that goes to a prejudice decision once we decide that we go past the waiver and say, well, it might be eligible for collateral attack, and even if it were, there's no, I mean, following up your reasoning. There's no prejudice, I suspect your opponent disagrees with you, and we go down that path. Is there another path also in the fact that he paid the restitution? I mean, where does Kaminsky fit in this, and where do you come down on that? He's paid the restitution, he's paid the forfeiture, is that correct? Yes, approximately eight years ago. Had he not paid it, is he in a different position? Start with not having paid it, and is that a different position from having paid it? It would be, your honor. I would argue that still, I don't see the lingering consequence that would persevere, even if he had- For him to be eligible to get collateral attack, he has to show something that, he's now at liberty. So he has to show that something that remains about the sentence, that calls into question a future danger or difficulty for him, correct? That's right, and your honor, the- Immigration problem, additional sentencing enhancement problem, etc., etc. Those are all some of the reasons that have been posed by other courts. On these facts, where the defendant has paid everything in full, seven or eight years ago at this point. The only example that he presented, which I thought was fairly fanciful, is that he had suggested that if he had willfully decided not to pay it, there could be consequences with the court. And such, the fact that he owed money could be converted into another legal consequence. The fact is, he paid everything. He paid everything seven, eight years ago. He's a wealthy man, and he's paid all his restitution and forfeiture. This is, it's one of the many threshold issues that keeps quorum nobuses from reaching this level that the defendant fails. And it's one of the many reasons this case shouldn't be here. And your honor, unless your honors have any other questions, I will end it. Thank you. Thank you, counsel. Should you even be here, counsel? I'm sorry, your honor? Should you even be here, counsel? Yes, your honor. Opposing counsel just said, you shouldn't even be here, because the quorum notice has no basis. $2.2 million in compound interest over eight years is a continuing harm, as far as the defendant is concerned, and a continuing prejudice. While the defendant may have funds to be able to pay it, that doesn't mean that those funds weren't a harm that was taken from him. When you, yes, it's really just that simple. The illusion, I'm sorry. What is the prejudice? What would he have presented at a hearing that would have lowered the presentation? I don't see any description. So there were two things that could have been argued. One was that the figure of $2.2 million wasn't the correct amount, in the sense that that wasn't the amount that was actually stolen. They would be able to show through receipts that products were actually provided to the schools that were consistent with the program's purposes and were not stolen in the manner that the government alleged. That's the first point. The second point that could have been established, your honor, is legally who should be getting it. And what was never argued below was that specifically the USDA was not lawfully a potential victim in this case. Because of the fact that in this specific case, the government's information itself alleged one victim and one victim only, that being Red Apple. So- I get the legal argument, but on the receipts, wasn't that all part of the underlying criminal activity? Wasn't that all evidence that was- The evidence of the receipts, the court never got to that point, never examined the receipts or allowed for a hearing to examine the receipts. Because that was what the defendant, Mr. Shen, had been requesting to be examined in a fatical hearing. So by denying the fatical hearing, the court never looked at it. She just simply took the government's allegations at face value. So that's what was denied, the ability to defend against those numbers. Okay, can you point somewhere in the record of the briefing that describes that, what you just said, the receipts or what evidence there would have been? I don't think it was actually described anywhere in the record, in the appellate record. It was simply stated that the fatical hearing was necessary to determine the amount of forfeiture. Is there anything showing at least that he's got something that he could prove that would show that the number was wrong at the district court when the district court said it? In the district court, in the sentencing memorandums, they did make the allegation. I can't remember the exact date of it, but it's the defendant's sentencing memorandum. They did make the allegation that the numbers were incorrect and should be litigated. No, but in his quorum notice application, what does he say, where does he say, does he articulate the specific numbers that he would have been able to come up and show were incorrect? No, what he argues is that he needed a fatical hearing to be able to ascertain what those specific numbers were. So he doesn't know himself, is that the argument? No, he does say- That can't be the argument. Let me correct myself, Your Honor. I believe the number is approximately $247,000 that is listed as what he believes in the quorum notice. That's what he says is the amount that should have been paid in restitution. So it's sufficient for him just to give a number? Your Honor, in the underlying district court papers, he explains how he gets to it. But they never are required to put forward the receipts, because they're asking for a hearing to do just that, and they never get the hearing. So it's sort of like putting the cart before the horse. This is a company that he owns. With his wife, yes. Okay. Thank you, counsel. Thank you both. We'll take the case under advisement.